THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RUSSELL CARL HOHF,<br><br>                    Petitioner,<br><br>       v.<br><br>JEFFREY UTTECHT,<br><br>                    Respondent. | CASE NO. C14-0295-JCC<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING PETITION FOR WRIT OF HABEAS CORPUS |

This matter comes before the Court on the Report and Recommendation (R&R) of Magistrate Judge Brian A. Tsuchida (Dkt. No. 34) addressing Petitioner's petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 (Dkt. Nos. 10, 20). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby **ADOPTS** the R&R for the reasons explained herein. The petition for habeas corpus filed by the petitioner is **DENIED** without an evidentiary hearing. The Court **DECLINES** to issue a Certificate of Appealability. Petitioner's separate Motion to Dismiss for Failure to State a Claim (Dkt. No. 36) is procedurally improper and is **STRICKEN**.

I.     BACKGROUND

The factual circumstances of this case have been well-documented. *See, e.g.,* Dkt. No. 34 at 2–9. In 2007, Russell Hohf ("Hohf") shot Kyle Perrin ("Perrin") during a confrontation. Dkt. No. 34 at 2. Hohf initially denied shooting Perrin, but later claimed he acted in self-defense. *Id.*

1  Prior to trial, Hohf was judged incompetent to stand trial due to paranoid personality disorder,
2  which impaired his ability to work collaboratively with defense counsel. *Id*. at 3–6. The trial
3  court ordered forced medication to restore competency; Hohf received treatment at Western State
4  Hospital and was subsequently judged competent to stand trial. *Id*. at 6–7. At trial, Hohf
5  testified that he acted in self-defense, but was convicted by the jury of assault in the first degree
6  with a firearm. *Id*. at 7.

7  Hohf appealed to the Washington Court of Appeals, which denied his appeal in an
8  unpublished opinion and denied his subsequent motion for reconsideration. *Id*. at 8. The
9  Washington Supreme Court denied review without comment. *Id*. The Court of Appeals issued a
10 certificate of finality on September 21, 2012. *Id*. at 9.

11 Hohf filed a personal restraint petition in the Washington Court of Appeals, which was
12 dismissed. *Id*. The Washington Supreme Court denied review. *Id*. The Washington Court of
13 Appeals issued its certificate of finality on February 15, 2014. *Id*. Hohf filed a petition seeking
14 habeas relief pursuant to 28 U.S.C. § 2254. Dkt. Nos. 10, 20. Hohf presents twelve grounds for
15 relief in his position: (1) erroneous standard of proof; (2) insufficient evidence of incompetency;
16 (3) denial of right to self-representation; (4)(a) prosecutorial misconduct; (4)(b) insufficient
17 evidence; (5) denial of right to present defense regarding missing witness; (6) *Brady* violation
18 (failure to disclose prior harassment); (7) ineffective assistance of counsel; (8) *Brady* violation
19 (failure to disclose Penter's testimony); (9) failure to give missing witness instruction; (10)
20 defective self-defense jury instruction; (11) failure to grant mistrial; and (12) appellate error.
21 Dkt. Nos. 10, 20.

22 In his R&R, the Honorable Judge Tsuchida recommended that Hohf's petition be denied,
23 as all claims argued are unexhausted, procedurally defaulted, or without merit. Dkt. No. 34 at 1–
24 2. Hohf has filed objections to this R&R. Dkt. No. 35. For the reasons stated below, the R&R
25 is **ADOPTED** (Dkt. No. 34). Hohf's petition for a writ of habeas corpus is **DENIED** (Dkt. Nos.
26 10, 20). The separate Motion to Dismiss for Failure to State a Claim filed by Hohf seeking to

dismiss the judgment of the Court of Appeals is procedurally improper, and is **STRICKEN** (Dkt. No. 36).

## II.   DISCUSSION

### A.   Evidentiary Hearing Denied

This Court may hold an evidentiary hearing at its discretion, and must determine whether such a hearing would enable an applicant to prove factual allegations that would entitle him to federal habeas relief. *Schriro v. Landrigan*, 550 U.S. 465, 465 (2007). If the record before the state court contradicts the applicant's factual allegation or otherwise bars habeas relief, this Court is not required to hold an evidentiary hearing. *Landrigan*, 550 U.S. at 465–66.

Hohf's claims for habeas relief raise questions of law that may be resolved by review of the existing record. Therefore, the Court **DENIES** Hohf's request for an evidentiary hearing.

### B.   Failure to Exhaust – Claims 4(b), 9, 10, 11, and 12

A district court may not grant a writ of habeas corpus pursuant to the judgment of a state court unless the applicant has exhausted the remedies available in the courts of the state. 28 U.S.C. § 2254(b)(1)(A). The applicant must satisfy the "fair representation" requirement by characterizing his claims as federal claims either through reference to specific constitutional provisions or citation to relevant federal case law. *Lyons v. Crawford*, 232 F.3d 666, 670 (9th Cir. 2000), *opinion amended*, 247 F.3d 904 (9th Cir. 2009). The applicant must give state courts a "fair opportunity" to apply controlling legal principles to the facts bearing upon his constitutional claim. *Anderson v. Harless*, 459 U.S. 4, 6 (1982). General appeals to broad constitutional principles or the raising of analogous state claims are insufficient. *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999); *Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996) (rejecting *Tamapua*'s "essentially the same" doctrine).

Claim 4(b) (insufficient evidence) was raised under state law at both appellate state court levels, but was unconnected to federal law. Dkt. No. 24, Ex. 24 at 2–3, 19–22; Ex. 26 at 8. Hohf's federal law arguments to the Washington Supreme Court addressed his claims of

prosecutorial misconduct and perjured testimony, not insufficient evidence. Dkt. No. 24, Ex. 26 at 8. Hohf's objection to the R&R does not directly address this claim, and instead restates his argument that exculpatory evidence was improperly excluded. Dkt. No. 35 at 1.

Claim 9 (failure to give missing witness instruction) was not properly raised due to his failure to cite federal law in support of his jury instruction error claim in the Washington Court of Appeals. Dkt. No. 24, Ex. 5 at 24, Ex. 24 at 5, 7. Hohf's objection to the R&R alleges that the missing witness testimony of Nurse Farron would prove perjury on the part of Perrin, but does not cite federal law in support of his claim. Dkt. No. 35 at 7.

Claims 10 (defective self-defense jury instruction), 11 (failure to grant mistrial), and 12 (appellate error) were all raised as state law claims before the applicable state courts and therefore are unexhausted. Dkt. No. 24, Ex. 26 at 3, 17, 18. Hohf's objection to the R&R fails to address these issues or raise persuasive arguments in response. Dkt. No. 35 at 5–6, 8.

Due to his failure to adequately present Claims 4(b), 9, 10, 11, and 12 based on federal law in either state appellate court, they are unexhausted and are **DENIED**. Hohf will be unable to re-file his unexhausted claims because they are time-barred or are successive collateral attacks, absent a showing of good cause. RCW 10.73.090, RCW 10.73.140, RAP 16.4(d). In addition, the alleged new evidence argued by Hohf does not demonstrate actual innocence, as he has not demonstrated that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence. Dkt. No. 20 at 9; Dkt. No. 35 at 5–7; *Calderon v. Thompson*, 523 U.S. 538, 559 (1998); *Schlup v. Delo*, 513 U.S. 298, 327–29 (1995).

C. **Inadequate Briefing – Claims 4(a) and 8**

The inadequate briefing rule bars review of claims based solely on conclusory allegations unsupported by citations to the record or to admissible evidence. *In re Rice*, 118 Wn.2d 876, 886 (1992); RAP 16.7(a)(2)(i). A federal court reviewing a habeas claim must honor the state's procedural bar ruling even if the state court also reaches the merits of the federal claim in an alternative holding. *Harris v. Reed*, 498 U.S. 255, 264, n. 10 (1989). To determine whether a

procedural default bars federal review, the federal court will look to the last reasoned state court opinion on the claim. *Ylst v. Nunnemaker*, 501 U.S. 797, 801–4 (1991).

Claims 4(b) (subornation of perjury) and 8 (suppression of witness testimony) are procedurally barred by Washington's inadequate briefing rule. The Washington Court of Appeals chose to not review the merits of Hohf's claims of perjury and suppression of witness testimony because he failed to base the claims on credible evidence in the record. Dkt. No. 24 at 21–22; RAP 10.10(c). Hohf failed to cure the procedural defects in his petition for habeas corpus, as he failed to argue suppression regarding Karl Penter's testimony or perjured witness testimony in the context of prosecutorial misconduct. Dkt. No. 20 at 8–9. Because Claims 4(b) and 8 are procedurally barred and he does not show cause and prejudice or actual innocence, Claims 4(b) and 8 are **DENIED**.

### D. Forced Medication Standard of Proof – Claim 1

In order to involuntarily medicate a mentally-ill defendant in order to render him competent for trial, a trial court must find that: (1) *important* governmental interests are at stake; (2) involuntary medication will *significantly further* those concomitant state interests; (3) involuntary medication is *necessary* to further those interest; and (4) administration of the drugs is *medically appropriate*. *Sell v. United States*, 539 U.S. 166, 180 (2003) (emphasis in original). Each requirement must be met before the forcible administration of psychotropic drugs may be considered constitutionally permissible. *United States v. Hernandez-Vasquez*, 513 F.3d 908, 913 (9th Cir. 2008). The government must prove the relevant facts by clear and convincing evidence. *See, e.g.*, *United States v. Ruiz-Gaxiola*, 623 F.3d 684, 692 (9th Cir. 2010).

Claim 1 states that the trial court did not apply the correct standard of proof when it found that Hohf must submit to forcible medication. Dkt. No. 10 at 5. The trial court held a competency hearing prior to trial, at which Hohf's defense counsel testified that his paranoid personality disorder interfered with his ability to work with counsel and two expert witnesses testified that medication would be helpful in restoring competency. Dkt. No. 24, Ex. 32 at 5–9;

Dkt. No. 34 at 5–6.  The trial court made findings regarding all four *Sell* factors, and determined that forced medication was appropriate.  Dkt. No. 34 at 19.  The Washington Court of Appeals concluded that Hohf's claim that the trial court improperly used a preponderance of the evidence standard was not supported by the record.  Dkt. No. 24 at 14–20.  In his response to the R&R, Hohf does not address the issue of the standard of proof used by the trial court, and instead raises arguments that failure to introduce evidence of incompetency constituted ineffective assistance of counsel.  Dkt. No. 35 at 11.  Because the trial court met its standard of proof and Hohf fails to address the issue in his objection, Claim 1 is **DENIED**.

### E.   Incompetency to Stand Trial – Claim 2

A petitioner bears the burden of proving by a preponderance of the evidence that he was mentally incompetent to stand trial.  *Medina v. California*, 505 U.S. 437, 449 (1992).  A state court finding of competency is entitled to a presumption of correctness.  *Langford v. Day*, 110 F.3d 1380, 1390–91 (9th Cir. 1996).  The petitioner must rebut this presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

Claim 2 states that the trial court's conclusion that Hohf was not competent to stand trial was based solely on his non-cooperation with his attorneys, and therefore is erroneous.  Dkt. No. 10 at 7.  However, the trial court based its finding on the testimony of medical experts for both the State and the defense that Hohf suffered from paranoid personality disorder and was unable to effectively cooperate with his defense counsel.  Dkt. No. 34 at 4–6.  The Court of Appeals affirmed the finding of incompetency, and emphasized the trial court's reliance on expert medical testimony rather than reports by defense counsel.  Dkt. No 24, Ex. 3 at 10–13.  Hohf's objection does not respond to the R&R's conclusion that the trial court found him incompetent on a legally sufficient basis.  Dkt. No. 35.  Because the decision of the trial court was based on expert testimony, rather than solely on reports by defense counsel, Claim 2 is **DENIED**.

### F.   Denial of Self-Representation – Claim 3

A defendant has a Sixth Amendment right to self-representation at trial, when a defendant

"voluntarily and intelligently elects to do so." *Faretta v. California*, 422 U.S. 806, 807 (1975). However, the defendant must be mentally competent to represent himself. *Indiana v. Edwards*, 554 U.S. 164, 171 (2008). Even if a defendant has sufficient mental competence to stand trial, he is not automatically mentally competent for purposes of conducting trial proceedings. *Indiana*, 554 U.S. at 174. A trial judge determines whether a person is sufficiently competent to proceed to trial without counsel. *Indiana*, 554 U.S. at 177. Federal habeas courts are required to presume the correctness of state courts' factual findings, unless petitioners rebut this presumption with clear and convincing evidence. *Landrigan*, 550 U.S. at 473–74; 28 U.S.C. § 2254(e)(1).

Claim 3 (denial of self-representation) states that Hohf as a defendant had an unequivocal right to represent himself and was improperly denied. Dkt. No. 10 at 8. When Hohf made his request for self-representation, he had not yet been found competent to stand trial or conduct trial proceedings. Dkt. No. 34 at 3. Upon achieving competency, Hohf did not reiterate his desire to self-represent and instead worked effectively with counsel. Dkt. No. 24 at 13–14. Hohf's objection does not address his claim for denial of self-representation. Dkt. No. 35. Therefore, Claim 3 is **DENIED**.

### G. Denial of Right to Present Defense (Missing Witness) – Claim 5

Defendants who are represented by counsel do not possess the right under federal or state law to file their own motions. *Duke v. United States*, 255 F.2d 721, 725 (9th Cir. 1958). The defendant must comply with established rules of procedure and evidence when presenting a defense. *Chambers v. Mississippi*, 410 U.S. 284, 302 (1973). The defendant does not have an absolute right to offer evidence that is incompetent, privileged, or otherwise inadmissible. *Montana v. Egelhoff*, 518 U.S. 37, 42 (1996).

Claim 5 states that Hohf was improperly denied his right to present a defense based on failure of the trial court and counsel to call or subpoena a certain Karl Penter as a witness. Dkt. No. 20 at 17. Letters sent by Hohf to the trial judge regarding Karl Penter were improper

1 communications with the court because Hohf was represented by counsel at the time.  Dkt. No.
2 10 at 24.  As such, Hohf's claim that the trial court improperly denied a motion to subpoena a
3 witness based on his letters is not viable.  Also, Hohf was given an opportunity to address the
4 court at a hearing on November 12, 2008 but did not mention Karl Penter at that time.  Dkt. No.
5 24, Ex. 32 at 35–7, 135–38.  The Court of Appeals found the claim frivolous.  Dkt. No. 24, Ex.
6 25 at 2.  Hohf's objection to the R&R does not raise the issue of Penter's allegedly missing
7 testimony.  Dkt. No. 35.  Therefore, Claim 5 is **DENIED**.

   **H.**  *Brady* **Violation for Prior Harassment – Claim 6**

   The Constitution requires disclosure of evidence that is both favorable to the defendant and material to either guilt or punishment.  *United States v. Bagley*, 473 U.S. 667, 674 (1985) (*citing Brady v. Maryland*, 373 U.S. 83, 87(1963)).  Evidence is considered material if there is a reasonable possibility that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.  *Bagley*, 473 U.S. at 682.  To show the evidence was material, the petitioner must establish a reasonable probability that the undisclosed evidence would have produced a different result.  *Strickler v. Greene*, 527 U.S. 263 (1999).

   In Claim 6, Hohf argues that the State failed to disclose exculpatory evidence of prior incidents of harassment in violation of *Brady*.  Dkt. No. 10 at 25.  Hohf claims that a jury inquiry requesting information of previous 911 calls made by Hohf, which the court declined to provide, demonstrates that the jury doubted whether Hohf's actions constituted self-defense.  *Id*.  However, the State may have simply elected to not introduce such evidence, and Hohf could have advised his own defense counsel about the incidents while preparing for trial.  The Court of Appeals found that Hohf failed to establish a valid claim that the evidence was material pursuant to *Brady*, or a reasonable probability that the evidence would have changed the result of the trial.  Dkt. No 24, Ex. 25 at 2–3; Dkt. No. 10 at 25.  In his objection, Hohf reiterates his perception that the prosecution violated *Brady* in its failure to raise evidence of previous assaults or harassment.  Dkt. No. 35 at 8.  Therefore, the State did not commit a violation under *Brady* and Claim 6 is

**DENIED**.

## I. Ineffective Assistance of Counsel – Claim 7

A doubly deferential standard of review applies to habeas claims of ineffective assistance of counsel. *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). First, the petitioner must show (1) that counsel's performance was so deficient that it "fell below an objective standard of reasonableness," and (2) that the deficient performance so prejudiced the defendant that it deprived him of the right to a fair trial and caused the state court proceedings to be unreliable. *Strickland v. Washington*, 466 U.S. 668, 686–7 (1984). The petitioner must also show that the proceedings in state court resulted in a decision contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d)(1). Defense counsel's failure to raise a meritless legal argument does not constitute ineffective assistance. *Shah v. United States*, 878 F.2d 1156, 1162 (9th Cir. 1989).

Hohf argues that his defense counsel did not adequately represent him due to a variety of alleged failures, including failing to investigate "generally," to develop a strategy for trial, and to make a discernible defense. Dkt. No. 20 at 13–21. However, the record demonstrates that defense counsel presented a cogent argument during closing statements regarding Hohf's claim of self-defense, which indicates a clear strategy and legal theory presented to the jury at trial. Dkt. No. 24, Ex. 37 at 139–42. Additionally, several of the alleged deficiencies in defense counsel claimed by Hohf would have undermined his claims of self defense or were not available defenses given the facts of the case (e.g., insanity). Dkt. No. 34 at 41. In denying his claim of ineffective counsel, the Court of Appeals noted that Hohf failed to present competent admissible evidence in support of his claims of ineffective counsel and to demonstrate resulting prejudice. Dkt. No. 24, Ex. 25 at 3–4. Because Hohf does not demonstrate that his defense counsel fell below an objective standard of reasonableness nor demonstrate resultant prejudice to him, and because the decision is not contrary to clearly established federal law, Claim 7 is **DENIED**.

**J.     Certificate of Appealability**

Upon adoption of an R&R, the District Court must determine whether a certificate of appealability ("COA") should issue. Rules Governing § 2254 Cases in the United States District Courts, Rule 11(a). A COA may be issued only where a petition has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists could disagree with the court's resolution of his constitutional claims, or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further. *Hohf-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Under the present record, the Court does not find the issuing of a COA appropriate. Hohf has not made a substantial showing of the denial of a constitutional right, and does not request a COA in his objection to the R&R. Thus, the Court **DECLINES** to issue a COA.

**III.    CONCLUSION**

For the foregoing reasons, the Court **ADOPTS** the R&R (Dkt. No. 34). Petitioner's habeas corpus petition (Dkt. Nos. 10, 20) is **DENIED** without an evidentiary hearing. The Court **DECLINES** to issue a COA. The Petitioner's Motion to Dismiss for Failure to State a Claim (Dkt. No. 36) is **STRICKEN**.

DATED this 2nd day of February 2015.

John C. Coughenour
UNITED STATES DISTRICT JUDGE